IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 11-00152-KD |
| | ) | |
| PATRICIA RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on the letter from Defendant Patricia Rodriguez which the

Court construes as a motion for early termination of supervised release (doc. 694) and the United

States' response in opposition (doc. 696).  Upon consideration, and for the reasons set forth

herein, the motion is DENIED.

In June 2011, Rodriguez and nine co-defendants were indicted for the offense of

conspiracy to possess with intent to distribute cocaine (Count One) (doc. 80, superseding

indictment).  In 2018, Rodriguez was arrested in Bogota, Columbia and extradited to the United

States (docs. 626, 635). In March 2019, she pled guilty to Count One (docs. 647, 651). In

November 2019, she was sentenced to a term of imprisonment of 36 months with credit for time

served, and a five-year term of supervised release (doc. 681).  The Court imposed the following

special condition: "Immediately after incarceration, the defendant is to be delivered to a duly

authorized Immigration Official for possible deportation. If deported, the defendant is to remain

outside of the United States, pursuant to 18 U.S.C. Section 3583(d). If not deported, within 72

hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the

Probation Office in the district of which she is released, and abide by their instructions[.]" (doc.

681, p. 3).

Rodriguez is currently supervised in the Southern District of Texas. Her term of supervision began May 1, 2020 and is scheduled to expire on April 30, 2025.

Rodriguez now moves for early termination of supervision (doc. 694).  As grounds, she states that she has complied with her obligations for the past two years. She also states that she has received a "green card"[1] and a driver's license, but her "legal and economic conditions" have caused her to move in with her sister.  Rodriguez asserts that early termination will allow her to get a better job.  Also, she wants to travel to Columbia to see her seriously ill father.

The United States opposes the motion (doc. 696).  The United States points out that Rodriguez and her family members were significantly involved in an international drug-smuggling organization which smuggled substantial amounts of cocaine into the United States. Specifically, Rodriguez was held accountable for 55 kilograms of cocaine.  The United States argues that the offense of conviction, Rodriguez's role in the offense, the international conspiracy, and the amount of cocaine distributed indicate that early termination is not justified. The United States also points out that Rodriguez is an illegal alien, a citizen of Columbia, who has been convicted of a serious drug felony, and that immigration regulations should have resulted in deportation upon release from prison.  Consequently, the United States is inquiring into the circumstances surrounding Rodriguez' status as a permanent resident.  Last, the United States takes issue with the vague information in the motion (doc. 696, p. 4).

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the

---

[1] Rodriguez provided a photocopy of her Permanent Resident card and her driver's license (doc. 694-1).

defendant released at any time after the expiration of one year of supervised release, pursuant to

the provisions of the Federal Rules of Criminal Procedure relating to the modification of

probation, if it is satisfied that such action is warranted by the conduct of the defendant released

and the interest of justice." 18 U.S.C. § 3583(e)(1). Rodriguez has completed the requisite one

year of supervision. Therefore, the Court has considered the "nature and circumstances of the

offense" and Rodriguez's "history and characteristics", as well as the "need for the sentence

imposed … to reflect the seriousness of the offense, to promote respect for the law, … to provide

just punishment" …"to afford adequate deterrence to criminal conduct", and "to protect the

public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C).

Rodriguez's supervising Probation Officer did not report any incidents of non-

compliance.[2]  However, the uncertain status of Rodriguez' residence and the relevant factors

identified herein – primarily the nature and circumstances of her offense - weigh in favor of

denying her motion for early termination.  Accordingly, the Court is not satisfied that early

termination is warranted at this time. 18 U.S.C. § 3583(e)(1).

**DONE** and **ORDERED** this the 25th day of July 2022.


                 **/s / Kristi K. DuBose**
                 **KRISTI K. DuBOSE**
                 **UNITED STATES DISTRICT JUDGE**

---

[2] The local Probation Officer recommended denial on basis that Rodriguez had not
completed at least two-thirds of her five-year term of supervision.  Both the supervising
Probation Officer and the local Probation Officer expressed concerns about the status of her
residency.